# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al.*, | Chapter 11 |
| Debtors | Case No. 19-11466 (MFW) (Jointly Administered) |
| PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC, | |
| Plaintiff | Adv No. 21-50986 (MFW) |
| v. | |
| S.R. WOJDAK & ASSOCIATES, LP, | |
| Defendant | |

## ANSWER TO PLAINTIFF'S COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS PURSUSANT TO 11 U.S.C. §§ 547, 548 & 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

AND NOW comes S.R. Wojdak & Associates, LP (hereinafter "Wojdak" or "Defendant") and files this Answer to Plaintiff's Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548 & 550 and to Disallow Claims Pursuant to 11 U.S.C. §502(d), as follows:

1.     Denied as a conclusion of law. It is specifically denied that any transfers to Wojdak can be avoided and/or recovered pursuant to the Bankruptcy Code.

2.     Denied as a conclusion of law. It is specifically denied that any transfers to Wojdak can be avoided and/or recovered pursuant to the Bankruptcy Code.

3.     Denied. It is specifically denied any transfers to Wojdak can be avoided and/or recovered pursuant to the Bankruptcy Code.

4. Denied. It is specifically denied Wojdak's claims against Debtors should be disallowed pursuant to the Bankruptcy Code.

5. Denied as a conclusion of law. It is specifically denied that any transfers to Wojdak can be avoided and/or recovered pursuant to the Bankruptcy Code and specifically denied Wojdak's claims against Debtors should be disallowed pursuant to the Bankruptcy Code.

6. Debtors' bankruptcy filings are of record and speaks for themselves.

7. Debtors' bankruptcy filings are of record and speaks for themselves.

8. Admitted no trustee has been appointed for any of the Debtors in the Chapter 11 cases and Debtors have authority to file the Complaint in the above-captioned adversary. It is specifically denied that any transfers to Wojdak can be avoided and/or recovered pursuant to the Bankruptcy Code and specifically denied Wojdak's claims against Debtors should be disallowed pursuant to the Bankruptcy Code.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied. Defendant is without knowledge of the averments set forth in Paragraph 15 and therefore said Paragraph is denied, strict proof of same demanded.

16. Denied. Defendant is without knowledge of the averments set forth in Paragraph 16 and therefore said Paragraph is denied, strict proof of same demanded.

17. Denied. Defendant is without knowledge of the averments set forth in Paragraph 17 and therefore said Paragraph is denied, strict proof of same demanded.

18. Denied. Defendant is without knowledge of the averments set forth in Paragraph 18 and therefore said Paragraph is denied, strict proof of same demanded.

19. Denied. Defendant is without knowledge of the averments set forth in Paragraph 19 and therefore said Paragraph is denied, strict proof of same demanded.

20. Denied. Defendant is without knowledge of the averments set forth in Paragraph 20 and therefore said Paragraph is denied, strict proof of same demanded.

21. Denied. Defendant is without knowledge of the averments set forth in Paragraph 21 and therefore said Paragraph is denied, strict proof of same demanded.

22. Denied. Defendant is without knowledge of the averments set forth in Paragraph 22 and therefore said Paragraph is denied, strict proof of same demanded.

23. Admitted in part and denied in part. It is admitted that Defendant wired Wojdak the amount of $48,600.00 as set forth on its Exhibit "A" to Plaintiff's Complaint. It is denied that Exhibit "A" to Plaintiff's Complaint is an accurate reflection of the amounts invoiced by Wojdak.

24. Admitted in part and denied in part. It is admitted that Defendant wired Wojdak the amount of $48,600.00 as set forth on its Exhibit "A" to Plaintiff's Complaint. It is denied that Exhibit "A" to Plaintiff's Complaint is an accurate reflection of the amounts invoiced by Wojdak.

25. Debtors proposed plan of liquidation is of record and speaks for itself.

26. Paragraph 26 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required, it is specifically denied the transfers

are avoidable as preferences under the Bankruptcy Code and specifically denied that Defendant does not have any affirmative defenses under Section 547(c).

## ANSWER TO FIRST CLAIM FOR RELIEF

27.     Wojdak incorporates its answers to Paragraphs 1 through 26, above, as if set forth in full herein.

28.     Admitted in part and denied in part. It is admitted that Defendant wired Wojdak the amount of $48,600.00 as set forth on its Exhibit "A" to Plaintiff's Complaint. It is denied that Exhibit "A" to Plaintiff's Complaint is an accurate reflection of the amounts invoiced by Wojdak.

29.     Admitted in part and denied in part. It is admitted that Defendant wired Wojdak the amount of $48,600.00 as set forth on its Exhibit "A" to Plaintiff's Complaint. It is denied that Exhibit "A" to Plaintiff's Complaint is an accurate reflection of the amounts invoiced by Wojdak.

30.     Denied.  Paragraph 30 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required.  To the extent a response is required; it is specifically denied the transfers are avoidable as preferences under the Bankruptcy Code.

31.     Denied.  Paragraph 31 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required.  To the extent a response is required; it is specifically denied the transfers are avoidable as preferences under the Bankruptcy Code.

32.     Denied.  Paragraph 32 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required.  To the extent a response is required; it is specifically denied the transfers are avoidable as preferences under the Bankruptcy Code.

33. Denied. Paragraph 33 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required; it is specifically denied the transfers are avoidable as preferences under the Bankruptcy Code.

34. Denied. Paragraph 34 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required; it is specifically denied the transfers are avoidable as preferences under the Bankruptcy Code.

35. Admitted that Wojdak has not returned any of the funds to Plaintiff, it is denied that the transfers are avoidable as preferences under the Bankruptcy Code.

36. Denied as a conclusion of law. To the extent a response is required, Defendant demands judgment in its favor and requests dismissal of the action against Defendant.

## ANSWER TO SECOND CLAIM FOR RELIEF

37. Wojdak incorporates its answers to Paragraphs 1 through 36, above, as if set forth in full herein.

38. Denied. Paragraph 38 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required; it is specifically denied the transfers are avoidable as a potentially fraudulent transfer under the Bankruptcy Code.

39. Denied as a conclusion of law. To the extent a response is required, Defendant demands judgment in its favor and requests dismissal of the action against Defendant.

## ANSWER TO THIRD CLAIM FOR RELIEF

40. Wojdak incorporates its answers to Paragraphs 1 through 39, above, as if set forth in full herein.

41. Denied. Paragraph 41 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required; it is specifically denied the transfers are avoidable as preferences under the Bankruptcy Code.

42. Denied as a conclusion of law. To the extent a response is required, Defendant demands judgment in its favor and requests dismissal of the action against Defendant.

### ANSWER TO FOURTH CLAIM FOR RELIEF

43. Wojdak incorporates its answers to Paragraphs 1 through 39, above, as if set forth in full herein.

44. Denied. Paragraph 44 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required; it is specifically denied the transfers are avoidable as preferences under the Bankruptcy Code.

45. Admitted that Wojdak has not returned any of the funds to Plaintiff, it is denied that the transfers are avoidable as preferences under the Bankruptcy Code.

46. Denied. Paragraph 46 of Plaintiff's Complaint constitutes a conclusion of law to which no response is required. To the extent a response is required specifically denied Wojdak's claims against Debtors should be disallowed pursuant to the Bankruptcy Code.

WHEREFORE, Defendant requests judgment in its favor and against Plaintiff, and requests dismissal of the above-captioned action against Defendant.

### AFFIRMATIVE DEFENSES

#### First Defense

47. Wojdak affirmatively states pursuant to Rule 7012 and Rule 12(b)(6) of the FRCP that the Complaint fails to state a claim upon which relief can be granted.

#### Second Defense

48. Wojdak asserts the transfers in question are exempt pursuant to 11 U.S.C. Section 547(c)(1) as a contemporaneous exchange for new value.

### Third Defense

49. Wojdak asserts the transfers in question are exempt pursuant to 11 U.S.C. Section 547(c)(2) as being made in the ordinary course of business.

### Fourth Defense

50. Wojdak asserts the transfers in question are exempt pursuant to 11 U.S.C. Section 547(c)(4) as a transfer which gave new value to or for the benefit of debtor.

### Fifth Defense

51. Wojdak reserves the right to assert other affirmative defenses that may become known during the pendency of this litigation.

WHEREFORE, Wojdak requests judgment in its favor and against Plaintiff, the dismissal of the above-captioned, and such other and further relief as is just and proper.

Dated: August 30, 2021
Wilmington, Delaware

KLEIN LLC

*/s/ Julia Klein*
Julia B. Klein (DE 5198)
225 West 14th Street, Suite 100
Wilmington, Delaware 19801
(302) 438-0456

and

JSDC Law Offices

Kimberly A. Bonner, Esquire
11 E. Chocolate Avenue, Suite 300
Hershey, PA 17033
(717) 533-3280

*Counsel for Wojdak*